```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                        CENTRAL DIVISION
                          at Lexington
```

ERNEST WILLIAM SINGLETON,       )
                                )
     Plaintiff,                 )    Civil No. 5: 15-131-JMH
                                )
V.                              )
                                )
HECTOR ALCALA, et al.,          )    **MEMORANDUM OPINION & ORDER**
                                )
     Defendants.                )

                    ***   ***   ***   ***

This matter is before the Court upon its own motion to conduct screening, pursuant to 28 U.S.C. § 1915A and 1915(e), as well as to address the Motion to Dismiss filed on behalf of certain named and unnamed Kentucky State Police ("KSP") officers [DE 12]. Plaintiff Ernest William Singleton seeks additional time to respond to that motion [DE 13], and Defendants object [DE 14]. For the reasons stated below, the Court concludes that there is no need to extend time for Plaintiff to respond to Defendants' Motion because Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Rather, Plaintiff shall show cause why his claims should not be dismissed for the reasons set forth in this Memorandum Opinion and Order.

1

**I.**

In his Complaint, Plaintiff alleges that Defendants caused him injury because named and unnamed KSP officers and local police officials committed violations of state and federal law in the course of a criminal investigation which ultimately led to his arrest, federal prosecution, and conviction. Counts 1 and 2 of Plaintiff's Complaint allege that he was denied due process of law, in violation of 42 U.S.C. § 1983, because he was convicted as a result of evidence collected when various defendants violated KRS §§ 218A.320 and 218A.140 by providing fake identification or providing fake identification to others serving as confidential informants in an effort to obtain a controlled substance. In Counts 3 and 4, he alleges that the defendants violated Kentucky law when they engaged in abuse of process and malicious prosecution by investigating and prosecuting him. In another, unnumbered count of his Complaint, he alleges that an unknown defendant or defendants committed "Tortuous Interference with Business Practices" or tortious interference with business relations in violation of Kentucky law when someone connected to the investigation threw nails in the parking lot of his pain management clinics, resulting in two days of lost business. Having reviewed these claims, the Court is persuaded that all must be dismissed for the reasons stated below.

**II.**

Defendants' Motion to Dismiss Plaintiff's Complaint is skeletal at best, but the Court's attention is captured by that sentence which suggests that some or all of Singleton's claims may be barred at this time in light of his extant federal conviction. [DE 12 at pp. 2-3.] Although Defendants offer this without elucidation or even a reference to the seminal case on the issue, *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court concludes that Defendants are correct with respect to some of the claims.[1] "[A] § 1983 cause of action for damages attributable to an [allegedly] unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id*. at 489-90. A prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.

The Court takes judicial notice of Plaintiff Singleton's judgment of conviction upon a verdict of guilty by a jury in Lexington Criminal Action No. 5:13-cr-00008-KKC-REW [*see* DE 285] for violations of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 846,

---

[1] Counsel for defendants should note that, in all future pleadings, they should offer citation to relevant legal authority and at least a modestly developed argument in support of their request for relief. As offered, their pleading is woefully inadequate. However, since this matter is subject to screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court may consider the argument upon its own motion, as well as their motion.

856(a)(1), 1956(a)(1)(A)(i) and (a)(1)(B)(i), and 1956(h), for conspiracy to distribute oxycodone, the distribution of oxycodone, the maintenance of a drug involved premises, money laundering, and the promotion and concealing of money laundering.  The Court also takes judicial notice that an appeal of that judgment of conviction has been filed with the United States Court of Appeals for the Sixth Circuit [*see* Lexington Criminal Action No. 5:13-cr-00008-KKC-REW, DE 288] and that the appeal, No. 14-5534, remains pending. For the purposes of evaluating Plaintiff's complaint before the Court, that conviction remains intact, and the judgment of the district court with respect to *United States v.* Singleton, Criminal Action No. 5:13-cr-00008-KKC-REW, is in full force and effect.

It follows that Plaintiff's claims for violations of due process in Counts 1 and 2 of his Complaint are not yet ripe and should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) as the Court lacks subject matter jurisdiction over these claims.  *See Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002) (citing *Bigelow v. Michigan Dep't of Natural Res.*, 970 F.2d 154, 160 (6th Cir. 1992)) ("A court lacks jurisdiction over the subject matter if a claim is not yet ripe for judicial review."); *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977) (holding that the court has an independent duty "to inquire *sua sponte* whenever a doubt arises as to the existence of federal

4

jurisdiction).

### III.

Once Plaintiff's federal claims are dismissed, the Court will have dismissed all claims over which it has original jurisdiction and shall decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, dismissing them without prejudice. *See* 28 U.S.C. § 1367(c)(3).

### IV.

For all of the reasons stated above, the Court concludes that Singleton's claims should be dismissed.

Accordingly, upon the Court's own motion, **IT IS ORDERED:**

(1) that Plaintiff shall **SHOW CAUSE** on or before **August 7, 2015,** why his claims should not be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED**:

(2) that Plaintiffs' Motion for an Extension of Time to file a response to Defendant's Motion to Dismiss [DE 13] is **DENIED**.

This 14th day of July, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

5