```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION
                        AT LEXINGTON
```

ERNEST WILLIAM SINGLETON,        )
                                 )
    Plaintiff,                   )    Civil No. 5: 15-131-JMH
                                 )
V.                               )
                                 )
HECTOR ALCALA, et al.,           )    **MEMORANDUM OPINION & ORDER**
                                 )
    Defendants.                  )

*** *** *** ***

This matter is again before the Court upon its own motion to conduct screening, pursuant to 28 U.S.C. § 1915A and 1915(e), as well as to address the Motion to Dismiss filed on behalf of certain named and unnamed Kentucky State Police ("KSP") officers [DE 12]. Plaintiff Singleton has filed a Response [DE 21] to this Court's Order to Show Cause as to why his claims should not be dismissed [DE 22]. Having considered the response, the Court concludes that Plaintiff's claims should be dismissed over his objections for the reasons stated in its Order to Show Cause and as clarified and further set forth in this Memorandum Opinion and Order.

**I.**

In response to the Court's Order requiring him to show cause why his claim should not be dismissed without prejudice in light of *Heck v. Humphrey*, 512 U.S. 447, 489-90 (1994) (holding that "a

§ 1983 cause of action for damages attributable to an [allegedly] unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."), Singleton has directed the Court's attention to *Wallace v. Kato*, 549 U.S. 384 (2007), for the proposition that claims such as his should be stayed rather than dismissed pending resolution of the criminal matter even if they would impugn an underlying criminal conviction. The Court has examined *Wallace* and notes that it also holds that the *Heck* rule for deferred accrual "should not be extended to delay accrual or the running of the statute of limitations for actions which would impugn an anticipated future conviction."  *See also Hornback v. Lexington-Fayette Urban Cty. Gov't*, 905 F. Supp. 2d 747, 749 (E.D. Ky. 2012) (applying *Wallace*'s holding in context of Fourth Amendment search and seizure claim.).

Thus, while Singleton would have this Court determine that his action is not on hold by virtue of the holding of *Heck v. Humphrey* or that it should be placed on hold rather than dismissed by virtue of *Wallace*, neither argument is sufficient to salvage his claims.  Plaintiff has persuaded the Court that he may proceed with the instant suit without further delay, but that is the end of the matter.  He insists that his 42 U.S.C. § 1983 claims have accrued and, upon further consideration, the Court agrees.

Because all of the facts underlying Singleton's cause of action were complete and known or could have been known to him at

2

the time of the investigatory actions of which he complains, the statute of limitations began to run at the latest on June 12, 2012.[1] [Amended Complaint, DE 18 at ¶ 32; Page ID# 92 (alleging that a false MRI report was provided to and, presumably, used by a confidential informant in the course of the investigation on June 12, 2012);] *see* *Bonner v. Perry*, 564 F.3d 424, 430–31 (6th Cir.2009) (holding that Kentucky's one year statute of limitations period applies to § 1983 actions). Plaintiff did not bring the present action until nearly three years after the last action of which he complains. [*See* Complaint, DE 1 (filed on May 12, 2015).] Thus, the action was untimely filed and, whether Plaintiff's causes of action ever had merit and whether they would have impugned his criminal conviction or not, his claims are barred by operation of the statute of limitations.

The Court concludes that his federal claims pursuant to Fed. R. Civ. P. 12(b)(6) should be dismissed because the one-year statute of limitations applicable to Plaintiff's claims now bars his claims. While it is appropriate for the Court to resolve the

---

[1] There was no criminal indictment in place at that time – not until January 10, 2013. [*See* Lexington Civil Action No. 5:13-cr-00008-KKC-REW, DE 1.] Had he filed his action at any time in the one year period following accrual and the indictment had been handed down, then the Court presiding over the civil action could have stayed it pending the resolution of the criminal case or until the likelihood of a criminal case was ended or the criminal conviction was overturned. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (citing *Heck v. Humphrey*, 512 U.S. 447, 487 (1994)).

matter at this time, the Court concludes that it may do so only after permitting Singleton an opportunity to be heard with respect to this argument. His claims shall be dismissed with prejudice unless he can show cause why the Court should not do so. Singleton should limit any response, if he has one, to the issue of accrual of his § 1983 claims and the running of the statute of limitations.

Accordingly, **IT IS ORDERED** that Plaintiff shall **SHOW CAUSE** why his claims pursuant to 42 U.S.C. § 1983 should not be dismissed with prejudice and his remaining state law claims should not be dismissed without prejudice no later than **twenty-one (21) days** from entry of this order.

This the 20th day of November, 2015.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4