```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                        CENTRAL DIVISION
                         AT LEXINGTON
```

ERNEST WILLIAM SINGLETON,        )
                                 )
     Plaintiff,                  )    Civil No. 5: 15-131-JMH
                                 )
V.                               )
                                 )
HECTOR ALCALA, et al.,           )    **MEMORANDUM OPINION & ORDER**
                                 )
     Defendants.                 )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is again before the Court upon its own motion to conduct screening, pursuant to 28 U.S.C. § 1915A and 1915(e), as well as to address the Motion to Dismiss filed on behalf of certain named and unnamed Kentucky State Police ("KSP") officers [DE 12]. The Court has twice ordered Plaintiff Singleton to show cause why his claims should not be dismissed [DE 19 and 22] and, having considered both his original response and his most recent response [DE 21 and 23], concludes that Plaintiff's claims should be dismissed over his objections for the reasons stated in its Orders to Show Cause and as clarified and further set forth in this Memorandum Opinion and Order.

In an interesting turn of events, Plaintiff argues in his most recent response [DE 23] that his federal claims should be dismissed without prejudice in light of *Heck v. Humphrey*, 512 U.S.

447, 489-90 (1994) (holding that "a § 1983 cause of action for damages attributable to an [allegedly] unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.") because his federal claim has not yet accrued, a proposition that he had previously disavowed. [*See* DE 21.] His argument does nothing to dissuade the Court of its conclusion that his claim for relief under 42 U.S.C. § 1983 has accrued as articulated in its Order of November 20, 2015 [DE 22] nor to persuade the Court that *Wallace v. Kato*, 549 U.S. 384 (2007), does not control in the present matter.  *See Hornback v. Lexington-Fayette Urban Cty. Gov't*, 905 F. Supp. 2d 747, 749 (E.D. Ky. 2012) (applying *Wallace*'s holding that *Heck* "should not be extended to delay accrual or the running of the statute of limitations for actions which would impugn an anticipated future conviction" in the context of Fourth Amendment search and seizure claim).

As explained in the Court's second order to show cause, because all of the facts underlying Singleton's cause of action were complete and known or could have been known to him at the time of the investigatory actions of which he complains in his § 1983 claim, the statute of limitations began to run at the latest on June 12, 2012.  [Amended Complaint, DE 18 at ¶ 32; Page ID# 92 (alleging that a false MRI report was provided to and, presumably, used by a confidential informant in the course of the investigation on June 12, 2012);] *see Bonner v. Perry*, 564 F.3d 424, 430-31 (6th

2

Cir.2009) (holding that Kentucky's one year statute of limitations period applies to § 1983 actions). Because Plaintiff did not bring the present action until nearly three years after the last action of which he complains, [*see* Complaint, DE 1 (filed on May 12, 2015),] this action was untimely filed, and his claims under 42 U.S.C. § 1983 are now barred by operation of the statute of limitations.

Accordingly, Plaintiff's federal claims made under 42 U.S.C. § 1983 will be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Further, as the Court has dismissed all claims over which it has original jurisdiction, it now declines to exercise supplemental jurisdiction over the remaining state-law claims and shall dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3). To the extent that Defendants have raised the issue of the expiration of the statute of limitations in their Motion to Dismiss [DE 12], albeit in a skeletal argument, their motion is also **GRANTED**.

**IT IS SO ORDERED.**

This the 16th day of December, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

3